UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| GERMAN VAZQUEZ, et al., | Case No. 25-cv-04149-RMI |
| Plaintiffs, | |
| v. | **ORDER DENYING MOTION FOR DEFAULT JUDGMENT WITH LEAVE TO AMEND** |
| DUSTIN PERBETSKY, | Re: Dkt. No. 16 |
| Defendant. | |

The Clerk of Court entered default against Defendant Dustin Perbetsky on November 4, 2025, for failure to appear. (Dkt. 14.) Now pending before the court is Plaintiffs' Motion for Entry of Default Judgment. (Dkt. 16.) The court held a hearing on this motion on March 3, 2026, at which Defendant failed to appear; Plaintiff submitted a supplemental declaration in support of the Motion on March 13, 2026. (Dkt. 20.) The Motion is now ripe for adjudication.

## LEGAL STANDARD

When entering default judgment, courts must first confirm that they have personal jurisdiction and subject-matter jurisdiction. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). If jurisdiction exists, the following factors (hereinafter "the *Eitel* factors") are considered to determine if default judgment is warranted: (1) the possibility of prejudice to the plaintiff if judgment is not entered, (2) the merits of the plaintiff's claims, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy in favor of obtaining a decision on the merits. *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 616 (9th Cir. 2016) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986)). If consideration of

these factors supports default judgment, judgment may be entered in an amount that is supported by the evidence and that does not "differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). It should also be noted that "[a] federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Therefore, before granting default judgment, a district court should ensure the adequacy of the service of process on the party against whom default judgment is requested. *See Bee Creek Photography v. Office Yoga, LLC*, No. 23-CV-04375-JCS, 2024 WL 2875103, at *3 (N.D. Cal. May 8, 2024) (courts usually consider the adequacy of service of process when evaluating the merits of a motion for default judgment); *see also GS Holistic, LLC v. Abbasi*, 2024 U.S. Dist. LEXIS 108237, *1 (N.D. Cal., June 18, 2024).

When considering a motion for default judgment, the well-pleaded allegations in the complaint are taken as true, *e.g.*, *Benny v. Pipes*, 799 F.2d 489, 495 (9th Cir. 1986); "[h]owever, necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Factual allegations establishing the amount of damages are not taken from the complaint but instead must be demonstrated through other means. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233 (E.D. Cal. 2008) ("Where damages are liquidated . . ., judgment by default may be entered without a damages hearing. . . . Unliquidated and punitive damages, however, require 'proving up' at an evidentiary hearing or through other means." (internal citations omitted)).

**DISCUSSION**

1. *Jurisdiction and Sufficiency of Service*

Before entering a default judgment, the court must ensure that it has appropriate subject matter jurisdiction over this case, that it has personal jurisdiction over Defendant, and that service of process has been sufficient. Subject matter jurisdiction exists over the first claim because it is

2

brought pursuant to the Federal Labor Standards Act ("FLSA"), a federal statute. 28 U.S.C. §§ 1331 & 1338(a). Supplemental jurisdiction extends to cover the remaining four state law claims, as those claims arise out of the same wage and hour violations as the FLSA claim. 28 U.S.C. § 1367(a). Personal jurisdiction extends to Defendant because he works and resides in California and his business substantially operates within this district. (*See* Service of Summons, Dkt. 12; Compl. ¶ 3.) The Complaint alleges that Defendant owns and operates a business in Humboldt County, licensed by the California Department of Cannabis Control, and that Plaintiffs worked for Defendant in Lake County, California. (Compl. ¶¶ 2–3.)

Plaintiffs have also demonstrated that they have adequately served Defendant. Plaintiffs' server attempted to serve Defendant three times at his last known residential address before leaving the summons with a co-occupant of the home and mailing it to the same address. (Service of Summons, Dkt. 12; Status Conf. Statement, Dkt. 9.) Plaintiffs submitted the Proof of Service signed by the process server demonstrating these attempts. This constitutes proper service under the Federal Rules. Fed. R. Civ. P. 4(e)(2)(B) ("[A]n individual . . . may be served in a judicial district of the United States by . . . leaving a copy of [the summons and complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there"); Fed. R. Civ. P. 4(e)(1) (proper service may be effectuated by following state law procedure; Plaintiffs complied with Cal. Code Civ. P. § 415.20(b), which allows service to be effectuated by leaving a copy of the summons and complaint with another suitable person at the intended recipient's usual place of abode and thereafter mailing copies to the same address). Thus, Defendant was properly served with the summons and complaint, and the court may proceed to analyzing the merits of entering default judgment.

2. *The* Eitel *Factors*

In deciding whether to enter default judgment, courts consider whether each of the *Eitel* factors weigh in favor of or against default judgment, first individually and then on the whole: (1) the possibility of prejudice to the plaintiff if judgment is not entered, (2) the merits of the plaintiff's claims, (3) the sufficiency of the complaint, (4) the sum of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable

United States District Court
Northern District of California

neglect, and (7) the strong policy in favor of obtaining a decision on the merits. *Eitel*, 782 F.2d at 1471–72.

The court first jointly considers the second and third *Eitel* factors—the merits of plaintiffs' claims and the sufficiency of the complaint—as courts often examine these factors together to examine the strength of the claim. For this analysis, "the general rule is that well-pled allegations in the complaint regarding liability are deemed true," *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002), but the amount of damages must be proven, *see, e.g.*, *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (amount of damages not established by default). Plaintiffs' Complaint brings one federal claim under the FLSA and four state law claims. First, "[t]o establish a minimum-wage or overtime violation of the FLSA, [a] Plaintiff must establish three elements: (1) she was an employee of Defendants, (2) she was covered under the FLSA, and (3) Defendants failed to pay her minimum wage or overtime wages." *Novoselac v. Vuzem*, No. 21-CV-08654-BLF, 2023 WL 3899011, at *4 (N.D. Cal. June 7, 2023) (quoting *Smith v. Nov. Bar N Grill LLC*, 441 F. Supp. 3d 830, 834 (D. Ariz. 2020)). To state an FLSA claim for minimum wage or overtime in the Ninth Circuit, plaintiffs need not plead detailed facts, and the plausibility of a claim is to be determined on a case-by-case basis. *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 645 (9th Cir. 2014), *as amended* (Jan. 26, 2015). "However, at a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek, or was not paid minimum wages." *Id.* Mere allegations that a plaintiff worked some overtime and that overtime was not paid are conclusory and insufficient to state a claim. Courts have applied the FLSA standard to California state law causes of action for failure to pay minimum wage and failure to pay overtime and "have held that to state a claim, a plaintiff must plead facts demonstrating, in the alternative, (a) she was not paid minimum wage for at least one workweek, or (b) she worked in excess of forty hours and was not paid overtime." *Erblich v. Gandhi*, No. 23-CV-01265-LB, 2023 WL 6232569, at *4 (N.D. Cal. Sep. 22, 2023) (applying the *Landers* pleading standard to claims for California Labor Code violations); *accord Cortez v. United Nat. Foods, Inc.*, No. 18-CV-04603-BLF, 2019 WL 955001, at *12 (N.D. Cal. Feb. 27, 2019) (finding that "[t]hough *Landers* concerned the Fair Labor Standards Act, this Court

4

and others have held that *Landers*'s requirements apply to California Labor Code violations" and collecting cases); *Tan v. GrubHub, Inc.*, 171 F. Supp. 3d 998 (N.D. Cal. 2016) (applying *Landers* to California state law minimum wage and overtime claims).

Plaintiffs have failed to state a claim under the FLSA and California state law. The Complaint contains very few facts: Plaintiffs worked as cannabis trimmers for Defendant in Lake County, California, (Compl. ¶ 2); Defendant conducts a cannabis growing operation in Humboldt County, California, (Compl. ¶ 3); Defendant's cannabis business is licensed by the California Department of Cannabis Control, (Compl. ¶ 3); Defendant "was the employer of Plaintiff and he intentionally engaged in the conduct alleged in this complaint, he was engaged in the direction, operation and control of the affairs of the businesses" and "did set all policies regarding compensation of employees," including having responsibility for payroll and recordkeeping, (Compl. ¶ 4); Plaintiffs worked for Defendant between approximately June 2022 and September 2023, (Compl. ¶ 5); Plaintiffs were promised "compensation in two forms: (a) $20/hour for their work in the growing of the cannabis plants and (b) a piece rate for the work performed in the trimming work at $80 per pound of cannabis trimmed," (Compl. ¶ 5); "Plaintiffs worked long work schedules in excess of 8 or 12 hours of work per day," (Compl. ¶ 5); Plaintiff Vazquez worked 172.25 total hours and Plaintiff Leon worked 1060 total hours for Defendant, (Compl. ¶ 5); Defendant "intentionally failed to pay the wages for the hours of work performed by plaintiffs at the agreed rates and failed to pay plaintiffs the law mandate [sic] overtime rates," (Compl. ¶ 6); and Plaintiff Vazquez is owed $6,534.88 for his unpaid work and Plaintiff Leon is owed $21,431.88 for his unpaid work, excluding penalties, interest, and attorney's fees, (Compl. ¶ 6).

These facts are not sufficient to meet the minimum requirements of plausibility for a claim for unpaid minimum and overtime wages. While Plaintiffs do not have to identify a specific calendar date on which they were not properly paid, they must allege facts from which the court can infer that there was at least one week where they were denied minimum wage or denied overtime pay for overtime hours worked. *See Tan*, 171 F. Supp. 3d at 1008 ("*Landers* does not require the plaintiff to identify an exact calendar week or particular instance of denied overtime; instead, the allegations need only give rise to a plausible inference that there was such an

5

United States District Court
Northern District of California

instance."); *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631 (9th Cir. 2015) (finding that the plaintiff stated a claim where his complaint "identified tasks for which he was not paid and alleged that he regularly worked more than eight hours in a day and forty hours in a week"). Plaintiffs' factual allegations do not allow the court to draw a reasonable inference of failure to pay minimum wage and overtime wage in any given week. For example, Plaintiffs allege that they were not paid wages "at the agreed upon rates," which does not necessarily mean that Defendant failed to pay them minimum wage. Plaintiffs do allege that they regularly worked more than eight or twelve hours in one day—however, because they do not state what kind of tasks they were performing and they were promised two different compensation measures based on task, it is not clear from the hours worked and alleged wages owed whether those wages constitute unpaid minimum wage, unpaid wages, unpaid overtime wages, or some combination thereof. Moreover, the hours, unpaid wages, and time period, when combined, do not give rise to a plausible inference in their favor. Plaintiff Vazquez alleges that he worked 172.25 hours from June 2022 to September 2023, an average of less than three hours per week, and is owed $6,534.88 in unpaid wages, an average of about $38 an hour assuming he was not paid for any hours worked. That rate does not align with minimum wage, the promised compensation, or overtime based on the promised compensation, as far as the court can tell. Similarly, Plaintiff Leon says he is owed $21,431.88 and worked a total of 1060 hours—these numbers work out to an average of 16 hours a week for the specified timeframe and around $20 an hour assuming every hour was uncompensated. Even with Plaintiffs' statement that they often worked more than eight hours a day, the factual allegations are minimal, confusing, do not clearly state that they were not paid minimum wage, and only show that it is possible—not plausible—that Plaintiffs were not paid overtime wages in a given work week. The court cannot infer from the Complaint that Plaintiffs have properly alleged both minimum wage and overtime wage violations, and the two claims are inseparable based on the allegations and the single set of numbers supplied by the Complaint.

In addition, Plaintiffs have failed to state a claim under the FLSA because they have alleged no facts to show that they are covered by the FLSA. Under the FLSA,

coverage exists if either the employee is engaged in commerce (individual coverage),

United States District Court
Northern District of California

29 U.S.C. § 203(b) (defining "commerce" as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof"), or the employer is an enterprise engaged in commerce (enterprise coverage), 29 U.S.C. § 203(s) (defining "enterprise engaged in commerce" as enterprises that, inter alia, have annual gross revenue of $500,000 or greater).

*Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914 (9th Cir. 2003). The allegations do not show that Plaintiffs themselves worked in commerce because cannabis may only be legally distributed and sold intrastate in California, and there are no allegations that Defendant operated his business in interstate commerce despite these laws. Moreover, there is no factual allegation that Defendant made the required threshold of $500,000 in gross revenue or greater. Without more, the facts in the Complaint do not give rise to a plausible inference of FLSA coverage. Based on the foregoing, Plaintiffs have not alleged nearly enough facts to state meritorious claims under the FLSA or California state law, and thus factors two and three weigh heavily against entry of default.

The failure to state a claim influences how other *Eitel* factors weigh towards the entry of default. Factor four, reasonableness of the amount of damages requested based on Defendant's conduct, weighs against default judgment. While the requested sum may be reasonably connected to Plaintiffs' unpaid wages, the scope and seriousness of Defendant's actions are unclear from the facts established by the Complaint. Factor five also weighs against default judgment—because Plaintiffs have failed to allege all of the material facts, a dispute of material fact is possible. *See, e.g.*, *Eason v. IndyMac Bank, FSB*, No. CV 09-1423-PHX-JAT, 2010 WL 4573270 (D. Ariz. Nov. 5, 2010) ("[Because] Plaintiff has not plead all material facts needed to support his claims . . . there is a possibility that a dispute may arise from a material fact not yet plead.").

Factor one, prejudice to the plaintiff if default is denied, typically weighs in favor of plaintiffs because denial of default would end their ability to prosecute their claims. However, while Plaintiffs here could not pursue their FLSA claim if default is not granted, they would still have a few months to file this claim in state court in the case of default. See, e.g., *Aubry v. Goldhor*, 247 Cal. Rptr. 205, 208–09 (Cal. Ct. App. 1988) (claims under the California Labor Code have a three-year statute of limitations). This factor thus weighs only slightly in favor of default.

There is no information tending to show that the default was due to excusable neglect (factor six), because Defendant has not entered this case nor filed anything and there is nothing in Plaintiffs' filings to suggest that the failure to file could be attributable to excusable neglect. As such, factor six weighs in favor of default judgment. Factor seven is more neutral—the strong policy favoring decisions on the merits is countered in default cases by the prejudice to the plaintiff if they cannot have their case adjudicated without the defendant's presence.

On the whole, while some of the *Eitel* factors weigh in favor of granting default judgment, Plaintiffs' failure to state a claim for their federal and state law causes of action forecloses the possibility of default judgment. *See DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847 (9th Cir. 2007) (finding that the district court properly refused to enter default judgment on a complaint which failed to state a claim); *GS Holistic, LLC v. Muthanna*, No. 2:24-CV-01641-CSK, 2025 WL 2099314, at *7 (E.D. Cal. July 25, 2025) ("Where a complaint fails to state a claim, default judgment may not be entered."). However, Plaintiffs submitted declarations along with the Motion for Default Judgment that included not only those facts necessary for calculating damages, but also many of the material facts missing from the Complaint. Plaintiff Leon submitted an additional supplemental declaration containing factual allegations intended to show coverage under the FLSA. The court cannot consider the facts contained in the motion, the attached declarations, or the supplemental declarations as true at this stage—only the facts in the Complaint may be considered as such. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."). Nevertheless, it is very likely based on these declarations that Plaintiffs could amend their Complaint to cure the defects explained above and successfully state their claims under the FLSA and under California state law. The court therefore DENIES Plaintiffs' Motion for Default Judgment without prejudice and GRANTS Plaintiffs leave to file an amended complaint.

## CONCLUSION

Plaintiffs' Motion for Default Judgment is **DENIED without prejudice**. Plaintiffs may file an amended complaint to address the defects explained above **within twenty-one (21) days** of the entry of this Order. Because any amended complaint will supersede the original complaint and

United States District Court
Northern District of California

moot the current entry of default by the Clerk, Plaintiffs must follow Federal Rule 55's two-step process and first seek entry of default from the Clerk of Court on the amended complaint if they wish to renew their motion for default judgment (and seeking default judgment is still appropriate). *See, e.g.*, *Zweig v. Yosi Inc.*, No. 17-CV-05624-MEJ, 2018 WL 2537989 (N.D. Cal. June 4, 2018), *report and recommendation adopted*, No. C 17-05624 WHA, 2018 WL 4378730 (N.D. Cal. July 5, 2018) (analyzing second motion for default judgment where the plaintiff properly filed first motion for default, amended the complaint by leave of the court, served the amended complaint, obtained a second entry of default, and the defendant once again failed to appear). Plaintiffs may then file a renewed motion for default judgment along with the evidence necessary to prove damages. Plaintiffs are encouraged to review their calculations to ensure consistency in the facts and damages requested.

**IT IS SO ORDERED.**

Dated: May 19, 2026

ROBERT M. ILLMAN
United States Magistrate Judge